IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE,<br><br>               Interpleader Plaintiff,<br><br>v.<br><br>DONNA PASALANO, GEORGE A. PASALANO, and JESSICA MULVIHILL,<br><br>               Interpleader Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES**<br><br>Case No. 1:15-cv-00026<br><br>Judge Clark Waddoups |

This matter is before the court on Interpleader Defendant Donna Pasalano's motion for attorney fees (Dkt. No. 41). Interpleader Defendants George Pasalano and Jessica Mulvihill (collectively, Defendants) have opposed the motion. (Dkt. No. 45). For the reasons explained more fully below, the court finds that an award of attorney fees is not appropriate in this case.

Ms. Pasalano identifies three provisions that she claims provide a legal basis for an award of fees: Utah Code Annotated § 78B-5-825, Federal Rule of Civil Procedure 56(h), and the court's inherent authority to sanction bad faith conduct. All three permit an award of fees only where the court finds that Defendants acted in bad faith. *See Nikols v. Chesnoff*, 435 F. App'x 766, 773 (10th Cir. 2011) (recognizing that § 78B–5–825 requires a showing of bad faith);[1] Fed. R. Civ. P. 56(h) (permitting an award of attorney fees if an affidavit or declaration is submitted in bad faith or solely for delay); *Chambers*, 501 U.S. 32, 45–46 (1991) (holding that under the

---

[1] The court pauses to note that award of fees under § 78B-5-825 is required *only if* there is a finding of bad faith. If the court finds bad faith, it is required to award fees unless an affidavit of impecuniosity is filed or the court enters on the record the reason for not awarding fees. *See* Utah Code Ann. § 78-5-825.

court's inherent authority, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)).[2]

Here, Ms. Pasalano contends that Defendants acted in bad faith in contesting that she was entitled to the death benefits proceeds of her ex-husband's life insurance policy. Specifically, Ms. Pasalano argues that Defendants' opposition to summary judgment lacked merit, which would have been apparent had Defendants completed the necessary discovery. Relatedly, Ms. Pasalano argues that Defendants improperly requested additional time to complete discovery under Rule 56(d). Finally, Ms. Pasalano claims that Ms. Mulvihill submitted a false supplemental declaration in attempting to create an issue of fact. (Dkt. No. 45). The court finds these arguments unpersuasive.

True, Defendants' arguments in opposition to Plaintiff's motion for summary judgment were unconvincing. But the fact that an argument or defense lacks merit does not show bad faith as a matter of law. *Still Standing Stable, LLC v. Allen*, 122 P.3d 556, 560 ("The trial court's finding that the action was frivolous is insufficient to establish bad faith," "because lack of legal merit is insufficient" to show bad faith); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) (recognizing that conduct "which merely fails to meet a reasonableness standard" is not sanctionable under the court's inherent authority to sanction bad-faith conduct). Although the court is not unsympathetic to the fact that Ms. Pasalano was required to expend funds litigating her entitlement to the death benefits, her entitlement was not so apparent that Defendants should be penalized for contesting it, albeit unsuccessfully.

Likewise, to the extent Defendants requested additional time for discovery under Rule 56(d), that request was unsuccessful. Nothing suggests that the request for additional time was

---

[2] Because all three require a finding of bad faith, the court finds it unnecessary to determine whether it is bound by state or federal law in assessing the attorney fees issue.

intended to unfairly hinder Ms. Pasalano's summary judgment efforts. To the contrary, Ms. Pasalano prevailed on her motion, in large part, from Defendants' failure to discover or marshal the evidence necessary to survive summary judgment. Thus, any delay in pursuing discovery sooner evidences, at worst, a failure of advocacy rather than intentional bad faith. *See* BAD FAITH, *Black's Law Dictionary* (10th ed. 2014) (defining bad faith as "Dishonesty of belief, purpose, or motive"); *Still Standing*, 122 P.3d at 560 (defining bad faith under Utah law as lacking "an honest belief in the propriety of the activities in question," intending "to take unconscionable advantage of others," or intending to act with "knowledge of the fact that the activities in question will hinder, delay, or defraud others").

Relatedly, there is not sufficient evidence to show that Ms. Mulvihill's supplemental declaration was false, made solely for delay, or otherwise made in bad faith such that sanctions under Rule 12(h) are appropriate. Although the declaration contained conclusory statements that were insufficient to create a genuine dispute of fact necessary survive summary judgment, there is no evidence indicating that Ms. Mulvihill's motivations for submitting it were improper. Certainly, even if there were evidence that the declaration was submitted in bad faith, it would not extend to the full amount of attorney fees. *See* Fed. R. Civ. P. 56(h) (permitting attorney fees incurred as a result of a false affidavit). Ms. Pasalano makes no effort to identify those fees specifically incurred as a result of the supplemental declaration, and it appears that the vast majority of the attorney fees were incurred prior to its submission.[3] This fact further counsels against an award of fees under Rule 12(h).

For all these reasons, the motion for attorney fees (Dkt. No. 41) is **DENIED**.

---

[3] The court notes that less than ten hours of the total time billed was billed after the supplemental declaration was filed. (Dkt. No. 42, pp. 5–6). It is impossible on this record to determine how much, if any, of this time was incurred as a result of the supplemental declaration.

DATED this 17th day of June, 2016.

BY THE COURT:

Clark Waddoups
United States District Court Judge